WILLIAM G. HARRIS & others *vs.* JOHN DOHERTY & trustee.

Suffolk.    Nov. 12. — 13, 1875.    WELLS & ENDICOTT, JJ., absent.

Under the Gen. Sts. *c.* 142, § 5, providing that trustee processes shall be served on the defendant and each of the trustees in the manner prescribed for the service of an original summons without an attachment, and *c.* 123, § 22, providing that in any action brought against a city or town the writ shall be served thirty days at least before the return day, a city cannot be summoned as trustee less than thirty days before the return day.

Where an action is begun by trustee process and the writ is not legally served upon the trustee, the plaintiff may, under the Gen. Sts. *c.* 142, § 7, proceed with the suit against the principal defendant, if he has been legally served.

TRUSTEE PROCESS.    Writ dated December 15, 1874, and returnable to January term 1875 of the Superior Court, the return day being January 5. The city of Boston was summoned as trustee. It appeared by the officer's return that service was made on the trustee on December 16, 1874, and on the principal defendant on December 21, 1874.

At January term 1875 of the Superior Court the trustee entered a special appearance and prayed for a discharge on the ground that no legal service had been made upon it. The court ordered the trustee to be discharged, and gave judgment for the plaintiff for the amount claimed and costs. From the judgment discharging the trustee the plaintiff appealed.

*A. H. Briggs*, for the plaintiff.

*C. F. Kittredge*, for the trustee.

GRAY, C. J. By the Gen. Sts. *c.* 123, § 21, original writs issuing from this court or the Superior Court must be served fourteen days at least, and from a police court or justice of the peace seven days at least, before the return day; and by § 22, in any action brought against a city or town, or certain other corporations, the writ must be served thirty days at least before the return day. By *c.* 142, § 5, trustee processes must be "served

on the defendant and each of the trustees in the manner prescribed for the service of an original summons without an attachment." As no time is otherwise prescribed for the service of trustee processes, " the manner" evidently includes the time, as well as the form, of service. This writ, therefore, having been served upon the city of Boston, as trustee of the principal defendant, less than thirty days before the return day, was not legally served upon the city. *Stimpson* v. *Malden*, 109 Mass. 313.

The provision of *c.* 123, § 19, that original writs issuing from this court or the Superior Court, " if required to be served fourteen days before the return day, shall be made returnable at the court next to be held after the expiration of fourteen days from the date of the writ; and if required to be served thirty days before the return day, shall be made returnable to the court next to be held after the expiration of thirty days from the date of the writ," creates no difficulty which may not be avoided by the plaintiff in any action; for if a city, town or other corporation named in § 22, is summoned as trustee, so that the writ cannot be made returnable within thirty days, it may be served on the principal defendant, as well as on another trustee, who is not entitled to more than fourteen days' notice, fourteen days before the return day. *c.* 142, § 6.

The writ in this case not having been legally served upon the trustee, the Superior Court rightly discharged him, and allowed the action to proceed against the defendant, who had been legally served. *c.* 142, § 7. *Belknap* v. *Gibbens*, 13 Met. 471.

*Judgment affirmed.*