THE STATE EX REL. BANKS, Appellant, vs. McCLURE and others, Respondents.

*October 22 — November 8, 1895.*

*Counties: Salary of sheriff: Construction of statutes.*

Under sec. 694, S. & B. Ann. Stats. (providing that the county board at the annual meeting in November shall fix the salary of every salaried county officer who is to be elected during the ensuing year, and that the salary so fixed shall not be increased or diminished during his term of office), and sec. 694a (providing that the county board may by resolution make the sheriff a salaried offi-

cer, and that when such a resolution shall have been passed it shall be the duty of the board, "at its next annual meeting in November, to fix a salary for the sheriff *in the same manner* as salaries are fixed for other county officers" under sec. 694), the salary of the sheriff must be fixed before his election, and cannot be changed during his term of office. NEWMAN, J., dissents.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

*Mandamus.* In October, 1894, the board of supervisors of Douglas county passed a resolution making the office of sheriff of said county a salaried office, under ch. 53, Laws of 1881 (sec. 694a, S. & B. Ann. Stats.). A new sheriff was elected at the annual election on the first Tuesday in November, 1894, and at the regular annual meeting of the board of supervisors held afterwards during the same month the county board refused to fix the salary of the sheriff. Whereupon, while said board was still in session, the relator, a tax-payer of the county, sued out an alternative writ of *mandamus*, requiring the board to fix said salary or show cause to the contrary. Upon the return day of the writ the defendants moved to quash the writ, which motion was granted, the action was dismissed, and plaintiff appealed.

For the appellant the cause was submitted on the brief of *Reed & Reed*, attorneys, and *Hiram Hayes* and *F. H. Remington*, of counsel.

For the respondents there was a brief by *Charles R. Fridley* and *H. C. Sloan*, and oral argument by *Mr. Sloan*.

WINSLOW, J. The solution of the controversy depends on the construction of secs. 694, 694a, S. & B. Ann. Stats. Sec. 694, as amended by ch. 260, Laws of 1885, provides, in substance, that the county board, at its annual meeting in November, shall fix the salary of every county officer *who is to be elected during the ensuing year*, and who is entitled to a salary from the county treasury, and that such salary shall

not be increased or diminished during his term of office. Sec. 694a (ch. 53, Laws of 1881) provides substantially that the county board of any county may by resolution make the sheriff a salaried officer, and that, when such a resolution shall have been passed, "it shall be the duty of the county board, *at its next annual* meeting in November, to fix the salary for the sheriff *in the same manner* as salaries are fixed for other county officers," under sec. 694, R. S. The relator says that the words "at its next annual meeting" are mandatory, and compel the fixing of the sheriff's salary at that time, though he may have been previously elected. The respondents say that the words "in the same manner" as other salaries are fixed are controlling, and mean that, as in the case of other county officers, it must be fixed before the election of the sheriff.

It is very apparent by the terms of sec. 694, R. S., that the legislature intended to make an harmonious general law, by which the salaries of all salaried county officers should be fixed before their election, doubtless for the purpose of removing from the question personal and political feelings, and of informing a candidate for office what the salary of that office was to be. *Hull v. Winnebago Co.* 54 Wis. 291. It is equally apparent that both of these objects are ·desirable objects. Sec. 694a seems just as clearly to have been intended to place the sheriff's office within the general system. The "manner" in which the salaries of other county officers are fixed is by resolution of the board passed before the election of the officer. The sheriff's salary, when he has one, is to be fixed "in the same manner." If these words are to have any substantial or useful meaning, they must be construed to mean that the sheriff's salary is to be fixed before his election, for the *time* when it is to be fixed is really one of the most important elements in the manner of fixing it. The word "manner" in a statute may undoubtedly include "time," if such seems to have been the intent·of the law-

makers. The intent of the lawmakers here being clearly to make the fixing of the sheriff's salary a part of the general system, we feel obliged to construe the words "in the same manner" as including the element of "time." Any other construction would in our judgment defeat the manifest purpose of the legislature. The fact that the law provides that the salary shall be fixed at the next annual meeting in November after the sheriff's office has been changed to a salaried office cannot be allowed to control the result. We construe the two statutes as meaning that the sheriff, after he has become a salaried officer, is entitled to know before his election what salary he is to receive, and after his election is secure from change in his salary, as well as other county officials.

*By the Court.*— Judgment affirmed.

MARSHALL, J., took no part.

NEWMAN, J. (*dissenting*). The statutes which govern the case are:

R. S. sec. 694: "The county board, at their annual meeting in November, shall fix the amount of salary which shall be received by every county officer, including county judge, who is to be elected in the county during the ensuing year, and is entitled to receive a salary payable out of the county treasury, and the salary so fixed shall not be increased or diminished during his term of office."

Laws of 1881, ch. 53: "Sec. 1. The county board of supervisors of any county in this state may, by a resolution to be entered on its records, change the method now prescribed by law for compensating the sheriff for all services to be performed within such county, for which the said county shall be liable to pay. Sec. 2. When a resolution to that effect shall have been duly passed by the county board of supervisors of any county, it shall be the duty of such county

board at its next annual meeting in November to fix a salary for the sheriff in the same manner as salaries are fixed for other county officers under the provisions of section six hundred and ninety-four of the Revised Statutes."

The question to be decided is whether these statutes require the county board to fix the sheriff's salary "at its next annual meeting in November" after the passage of the resolution changing the method of the sheriff's compensation.

The statute does read that it shall be fixed at that time, as plainly as it is possible in English words to say it.

"It is not allowable to interpret what has no need of interpretation." "Where the words are plain and unambiguous, the court cannot depart from the words of the statute." "The legislature must be understood to mean what it has plainly expressed, and this excludes construction." "Nor can the language be limited or extended beyond its obvious meaning to advance some supposed policy of the legislature." *Ogden v. Glidden,* 9 Wis. 47; *Battis v. Hamlin,* 22 Wis. 669; *Mundt v. S. & F. du L. R. Co.* 31 Wis. 451, 457; *Boland v. Gillett,* 44 Wis. 329; *Gowan v. Hanson,* 55 Wis. 341; Suth. Stat. Const. §§ 236–238.

The obvious meaning of the words leads to no inconvenience or absurdity. All the provisions of these statutes can well stand together as parts of one harmonious system. All salaries of county officers are to be fixed at the annual meeting of the county board in November of the year previous to their election, but the county board may *at any time* place the sheriff's office under a salary. Then his salary is to be fixed, for the first time, at the next annual meeting in November after the method of compensating him has been changed. After that is once done, it comes under the provisions of sec. 694. It is not intended to wait through a whole term of office of the sheriff before the change can be given effect.

There is no statute which specifically directs the *manner*

in which the salaries shall be fixed,— whether by ordinance, resolution, or otherwise; that relates only to form, and is of minor importance. But the *time* when it shall be fixed is appointed *ex industria;* that is of the substance of the thing to be done to accomplish the legislative intention.

Besides, any other interpretation ignores entirely sec. 2 of the act of 1881. That section has no force unless it appoints the time when the sheriff's salary must be first fixed after the change in the method of his compensation has been made; for without this section his salary must then be fixed at the time prescribed in sec. 694, R. S., by force of that section. Every clause and word of a statute should be given some effect, if possible. *Harrington v. Smith,* 28 Wis. 43.