FREDERICK M. SMITH *vs.* WILLIAM H. HASKELL MFG. COMPANY.

NOVEMBER 9, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Exceptions. Time of Giving Notice of Filing of Exceptions Jurisdictional.*

Where notice in writing of the filing of a bill of exceptions has not been given, by the party filing the same, to the adverse party within two days thereafter, as provided by rule 32 of the rules of practice in proceedings at law of the Superior Court, the exceptions will be dismissed for want of jurisdiction in the Supreme Court to hear them.

EXCEPTIONS from Superior Court. Heard on motion of defendant to dismiss, and motion granted.

DUBOIS, J. This case comes before us upon defendant's motion to dismiss the plaintiff's bill of exceptions because "the said plaintiff failed to comply with section 490 of the court and practice act, and rule 32 of the rules of practice of the Superior Court in actions at law adopted in accordance therewith, by serving the said defendant with notice of the filing of his said bill of exceptions within two days after the filing of said bill, but, on the contrary, did not serve such notice upon this defendant until four days after such filing, as shown by the annexed affidavit." The affidavit referred to substantiates the statement in the motion, the truth of which is not denied, but is admitted, by the plaintiff.

The matter is properly brought before us by the motion to dismiss. As was stated by the court in *Haggelund* v. *Oakdale Mfg. Co.*, 26 R. I. 520, at p. 523: "We have no jurisdiction

to hear a petition for a new trial unless presented as provided
by law." This statement is equally applicable to a bill of
exceptions. If any fundamental requisite has been omitted,
or if an attempt has been made to substitute in its place some-
thing just as good, as the saying is, it is proper to point out the
defect in a motion to dismiss.

The effect of the motion is to raise for our determination the
following question: Is the provision for notice to the adverse
party, in rule 32 of the Superior Court, essentially jurisdictional?

The plaintiff claims that it is not, and argues that the statu-
tory provision concerning notice by rule of court relates merely
to manner and does not include time; that, as the court has pre-
scribed for notice to both parties by the clerk in rule 31, and
for notice by one party to the adverse party in rule 32, notice
under either rule is sufficient to give jurisdiction to the court;
and also that, as discretion is reserved to the court in certain
cases under rule 32, time is not of the essence of the rule.

The argument is not convincing. By virtue of section 34
of the court and practice act the Supreme and Superior Courts
may make and promulgate rules for regulating practice and
conducting business therein, in matters not expressly provided
for by law, but the rules of the Superior Court are made sub-
ject to the approval of the Supreme Court.

A portion of section 490 of said act, which treats of bills of
exceptions, among other things provides that "Notice of the
filing of such bill of exceptions shall be given to the adverse
party in such manner as the court shall by rule prescribe."
And section 491 of the act prescribes that "in case of any de-
fault in taking such procedure, judgment shall be entered or
sentence imposed as if notice of intention to prosecute a bill
of exceptions had not been filed." Pursuant to the provisions
of sections 34 and 490 aforesaid, the Superior Court made the
following rule, which was duly approved by the Supreme Court:
"32. Notice in writing of the filing of a bill of exceptions shall
be given by the party filing the same to the adverse party
within two days thereafter. Said notice shall be served by
any person by leaving the same in the hands and possession of
the attorney of record of such adverse party or at the office of

such attorney with some person having charge thereof. If there be no attorney of record of the adverse party, or if service can not be made upon such attorney as aforesaid, said notice shall be served upon the adverse party in such manner as a justice of the court may specially direct." Upon the adoption of the rule so authorized, the same became a part of the law of the State, and governs the subject-matter to which it relates, and can not be ignored. As it is of statutory origin, it can be changed, modified, or repealed only in the manner provided by statute. Obedience to its mandate became a necessary step in the procedure to be taken in the prosecution of bills of exceptions. Whether the word "manner," in said section 490, includes time is a question of legislative intent. As the court held in *United States* v. *Morris*, 1 Curtis, 23: "The time when such order is to be entered may or may not be considered as part of the 'manner' of remitting.' . . . . It may be that, though not naturally included, Congress intended to embrace the time of entering the order in the words 'in like manner;' and therefore it is necessary to look carefully at the different parts of this statute, and see if such was the intention of Congress."

The evident intent of the legislature, as expressed in the court and practice act, was to confer upon the courts of the State power to facilitate progress in the conduct of litigation before them. That act certainly was not passed for the purpose of delaying proceedings in court.

In section 490, hereinbefore quoted, the word "manner" is broad enough to include time. In *State* v. *McClure*, 91 Wis. 315, it was decided that "The word 'manner' in a statute may undoubtedly include 'time,' if such seems to have been the intent of the law-makers." Also in *Harris* v. *Doherty*, 119 Mass. 143, it was the opinion of the court that "as no time is otherwise prescribed for the service of trustee processes, 'the manner' evidently includes the time, as well as the form, of service."

But even if we had been constrained to hold that the wording of section 490 does not include "time," nevertheless the pro-

visions of section 34 are sufficient for that purpose, and in either event the rule must be maintained.

The argument that the provision for notice under rule 32 is unnecessary because notice by the clerk under rule 31 is sufficient is not properly addressed to this court; suggestions for alterations or amendments of the rules of the Superior Court should be made to that tribunal.

It is a sufficient answer to the plaintiff's argument concerning the discretion reserved to the Superior Court in certain cases, under rule 32, to suggest the fact that this case does not come within the purview of those exceptions to the rule.

Plaintiff's bill of exceptions dismissed, and case remanded to the Superior Court for further proceedings.

*John W. Hogan and Philip S. Knauer,* for plaintiff.

*Gardner, Pirce, and Thornley, and William W. Moss,* for defendant.