### CHOMEL v. UNITED STATES.

#### BRION v. SAME.

(Circuit Court of Appeals, Seventh Circuit. April 20, 1911. Rehearing Denied July 27, 1911.)

Nos. 1,735, 1,736.

ALIENS (§ 53*)—DEPORTATION—TIME—"IN THE MANNER PROVIDED."
    Act Cong. Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 448), provides for the exclusion from the United States of various classes of persons, including idiots, insane persons, beggars, persons afflicted with dangerous contagious diseases, persons having been convicted of crime or misdemeanor involving moral turpitude, polygamists, anarchists, prostitutes, or persons coming into the United States for the purpose of prostitution, and persons who are supported by or receive part of the proceeds of prostitution. Section 3 in the original act, and as amended (Act March 26, 1910, c. 128, § 2, 36 Stat. 264), relates exclusively to the importation of aliens for the purposes of prostitution, or other immoral purposes, the holding of such persons for such purposes in pursuance of such importation, and aliens found inmates of houses of prostitution after they have entered the United States, or who derive benefit from the earnings of the same. Sections 20 and 21 provide that such persons shall be deported if proceedings therefor are begun within three years, and both sections 2 and 3 contain the remedy to be applied, viz., deportation "in the manner provided" in sections 20 and 21. Held, that the words "in the manner provided" did not include the three-year limitations contained in sections 20 and 21, and, Congress having eliminated such limitation from section 3, aliens within such section were subject to deportation, though arrested after they had been in the country more than three years.
    [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 53.*]

Appeal from the District Court of the United States for the Northern District of Illinois.

Habeas corpus proceedings by Raymonde Chomel and Martha Brion against the United States. From orders denying the writs (182 Fed. 894) petitioners appeal. Affirmed.

Elijah N. Zoline, for appellants.

Edwin W. Sims, U. S. Atty., and Harry A. Parkin, for the United States.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

PER CURIAM. The petitioner Martha Brion, a native and citizen of the republic of France, arrived in the United States the 5th of February, 1906, and since that time has been continuously in the country. The petitioner Raymonde Chomel, a native and citizen also of the republic of France, arrived in the United States the 8th of

September, 1905, and has been since continuously in the country. This appeal presents the question whether, having been in the country more than three years prior to the warrants of deportation issued by the Secretary of Commerce and Labor under the act approved March 26, 1910, amending the act of February 20, 1907, the imprisonment and detention of the petitioners for the purposes of deportation are unlawful. If so, the orders appealed from denying the petitions for habeas corpus should be reversed. Otherwise they should be affirmed.

Section 2 of the act of February 20, 1907, limits itself to the exclusion from admission into the United States of the character of persons therein named, including idiots, insane persons, beggars, persons afflicted with dangerous contagious diseases, persons having been convicted of crime or misdemeanor involving moral turpitude, polygamists, anarchists, prostitutes, or persons coming into the United States for the purposes of prostitution, and persons who are supported by or receive part of the proceeds of prostitution, leaving it to sections 20 and 21 to provide that such persons shall be deported if proceedings therefor are begun within three years, as also the procedure to be followed. Section 3, both in the original act and as amended, relates exclusively to the importation of aliens for the purposes of prostitution or other immoral purposes, the holding of such persons for such purposes in pursuance of such importation, and aliens found inmates of houses of prostitution after they have entered the United States or who derive benefit from the earnings of the same. This section, unlike section 2, contains in its body the remedy to be applied, namely, deportation "in the manner" provided by sections 20 and 21 of the act, from which it is evident that Congress meant to deal with this class of persons separately from the larger class included in section 2.

Now "in the manner provided" does not necessarily include the three-year limitation contained in sections 20 and 21; and when we take into account that in amending the original section 3 Congress dropped the three-year limitation therein contained, changed the clause "shall be deported as provided by" to the clause "shall be deported in the manner provided," and that the amendment was intended to effectuate the recommendation of a commission, appointed to look into the matter, that the three-year limitation should be eliminated, and that the members of Congress having the amendment in hand, as shown by the Congressional Record, believed that the limitation was thereby eliminated, it was rightly found by the court below, we think, that the words "in the manner provided" were not intended to include the three-year limitation, but only the procedure contained in those sections. That this was the intention of the amendment is made still clearer by the provision in the same amendment that any alien convicted under the provisions of the act might be sentenced to a prison in this country for a period of ten years, at the expiration of which his deportation should take place.

With this statement we rest our affirmance of the orders appealed from upon the written opinion of the court below and the opinions in

United States ex rel. Mango v. Weis (D. C.) 181 Fed. 860 (Judge Rose), and United States ex rel. Rose Dickman v. Williams, Commissioner (Southern District of New York) 183 Fed. 904 (Judge Holt).

The orders appealed from are affirmed.