BENJAMIN LAND & TIMBER SYNDICATE *v.* BRADSHER.

## Opinion delivered June 5, 1911.

1. DRAINS—TIME OF COLLECTING TAXES.—Under Kirby's Digest, § 1435, as amended by act of March 26, 1907, § 6 (Acts 1907, p. 281), providing that the assessments for public ditches shall "be collected in the same manner as taxes are collected," and *Id.,* § 7, providing that the interest on all bonds issued under and by virtue of the act of which this act is amendatory shall be deemed delinquent on the 10th day of April next after said interest shall become due," *held* that such assessments are payable when State and county taxes are payable, towit, on or before the 10th day of April in each year. (Page 349.)

2. SAME—JUDGMENT—INTEREST.—Under Kirby's Digest, § 1435, as amended by act of March 26, 1907, § 6, providing that an assessment for a public ditch, "and such interest thereon not exceeding 6 per cent. per annum as may be fixed by the court at the time of its confirmation of the assessment," etc., "shall constitute a first and paramount lien upon the lands assessed," it was error, in a decree enforcing a ditch assessment, to allow interest on the assessment where none was fixed by the county court, and in no event could the interest exceed 6 per cent. (Page 349.)

Appeal from Poinsett Chancery Court; *Edward D. Robertson,* Chancellor; affirmed with modification.

*R. L. Cowan,* for appellant.

*L. C. Going,* for appellee.

McCULLOCH, C. J.  J. A. Bradsher, as collector of taxes of Poinsett County, instituted this action in the chancery court of that county to enforce payment of delinquent drainage assessments for a drainage district organized in the year 1907 under the general statutes of the State governing the organization of such districts.  No question is made as to the regularity and validity of such organization, but it is contended by appellants, who owned some of the lands proceeded against, that the action was prematurely instituted.  They appealed from a decree enforcing the lien of the assessments.  The contention is that drainage assessments become due when the annual interest on the bonds falls due, and that there is no delinquency until that time.  On the other hand, it is contended by those representing the district that the assessments are payable when State and county taxes are payable, that is to say, on or before the 10th day of April in each year, and that a suit to enforce pay-

ment of the delinquent assessments may be instituted at any time after that date, whether the bonds or interest coupons be past due or not.

The amendatory act of March 26, 1907, which governs these proceedings, provides that the assessments, as confirmed by the county court, shall be entered by the county clerk in a special book to be known as the "Ditch Assessment Book," and that such assessment shall "be collected in the same manner as taxes are collected." The collector of taxes for the county is authorized to collect the assessments and to institute suit in the chancery court against delinquents. There being no other provision of the statute fixing the time of payment, the words "in the same manner as taxes are collected" may well be held to include time and to fix the date of payment. *State* ex rel. *Banks* v. *McClure*, 91 Wis. 313; *Harris* v. *Doherty,* 119 Mass. 142.

But another provision of the statute makes this construction certain. It reads that "the interest on all bonds issued under and by virtue of the act of which this act is amendatory shall be deemed delinquent on the 10th day of April next after said interest shall become due." This shows clearly that the framers of the statute meant to fix April 10th as the date after which unpaid assessments are to be deemed delinquent, and not the date of the maturity of the interest on bonds.

We find no warrant in the statute for the decree rendered by the court for interest at the rate of ten per cent. in addition to the attorney's fee of ten per cent. The statute provides for assessments "and such interest thereon, not exceeding six per cent. per annum, as may be fixed by the court at the time of the confirmation of the assessments." It is not alleged in the complaint that any interest had been fixed by the county court at the time of the confirmation of the assessments, and in no event could the interest have exceeded six per centum. The decree is therefore modified so as to strike out the interest charge, but in all other respects the decree is affirmed.