UNITED STATES v. CZESLICKI.

(District Court, M. D. Pennsylvania. December 23, 1913.)

No. 401.

1. ALIENS (§ 53*)—WRONGFUL ENTRY—DEPORTATION—CONVICTION OF OFFENSE.
Where an alien on entering the United States brought with him a woman for immoral purposes and was convicted of such offense and served a term of imprisonment, the fact that he had been domiciled in the United States for more than three years prior to such entry was no de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fense to proceedings to deport him because of his wrongful entry, nor was it material that the deportation warrant antedated his conviction.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 53.*]

2. ALIENS (§ 53*)—DEPORTATION—LIMITATIONS—RESIDENCE IN UNITED STATES.

Since the amendment of the Immigration Law (Act Feb. 20, 1907, c. 1134, 34 Stat. 898), by Act March 26, 1910, c. 128, 36 Stat. 263 (U. S. Comp. St. Supp. 1911, p. 499), omitted the limitation of three years for deportation proceedings, an alien who has entered the United States unlawfully may be deported without reference to the length of his subsequent residence here.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 53.*]

Petition by Peter Czeslicki for writ of habeas corpus to procure his discharge from custody on deportation warrant. Writ denied.

A. B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Andrew Hourigan, Asst. U. S. Atty., of Wilkes-Barre, Pa., for plaintiff.

Stanley Kuryloski, of Wilkes-Barre, Pa., for defendant.

WITMER, District Judge. Peter Czeslicki filed a petition alleging unlawful detention for deportation on a warrant issued November 11, 1912, by the Acting Secretary of Commerce and Labor. The warrant is based on proof submitted at a hearing before Immigrant Inspector Charles C. Reiss, showing that the petitioner had gained a landing at the port of Philadelphia August 6, 1912, in violation of the act of Congress approved February 20, 1907, as amended by the act approved March 26, 1910, in that the petitioner had imported and brought into the United States a woman for immoral purposes. The evidence on which the officer based his findings fully justifies his conclusion. Since then, however, it appears that the petitioner on the 3d day of December, 1912, on being charged with such offense, to this court confessed his guilt, whereupon he was sentenced and has since served a term of imprisonment.

That the petitioner unlawfully secured entry cannot be doubted, unless he is exempted from the operation of the statute, as contended by him, having previously resided in the United States from June 19, 1906, until November, 1910, with the intention, as he says, of residing here permanently and having been in this country for more than three years.

[1] The matter of domicile is one of fact, and the petitioner has not convinced the court that it was his intention to return when he left in 1910; however, if he had succeeded in this, it would not avail him. He is, notwithstanding an alien, found to be in the United States, having brought with him at the time of entry a woman for immoral purposes, whereof he has been convicted.

[2] The act sets forth specifically that any alien convicted of such offense shall be taken into custody and returned to the country from whence he came. That the warrant antedates the conviction is not material. It follows the illegal entry of which the conviction is contemplated as conclusive. Then again, since the amendment by the act

of March 26, 1910, omitting the limitation of three years, it matters not how long an alien had lived in the United States continuously; he is nevertheless liable to deportation, if he violates the statute, as amended, by entry contrary to and in the face of its express provisions. Bugajewitz v. Adams, U. S. Immigration Inspector, 228 U. S. 585, 33 Sup. Ct. 607, 57 L. Ed. 978; Chomel v. United States, 192 Fed. 117, 112 C. C. A. 461.

The executive officer, charged with the enforcement of the provisions of the act, has not in any manner exceeded his legal authority; his act, though the court should not be otherwise satisfied of his just conclusions or findings of fact, would not be disturbed. The prisoner is remanded to the custody of the immigration officer, that the warrant of deportation may be executed.