DELINQUENT LANDS v. CACHE RIVER DRAINAGE DISTRICT No. 1 AND DELINQUENT LANDS v. SWAN POND DRAINAGE DISTRICT No. 1.

Opinion delivered May 14, 1923.

DRAINS—DELINQUENT ASSESSMENTS—INTEREST ON DEFERRED INSTALLMENTS.—Crawford & Moses' Dig., § 3590, authorizing the county court, at the time of its confirmation of a ditch assessment, or within 60 days thereafter, to fix the amount of interest on installments, means that the court shall fix the rate of interest on deferred as well as delinquent installments charged on the lands benefited.

Appeal from Greene Chancery Court; *Archer Wheatley*, Chancellor; affirmed.

*Fuhr & Futrell*, for appellants.

Interest due on bonds for construction of drainage ditch is part of cost of construction. 55 Ark. 148; 122 Ark. 291. There can be no tax in excess of amount of benefits. 86 Ark. 1; 1 Page & Jones on Assessments 721. County court without authority to fix rate of interest

on *deferred* assessments, although it has power to fix interest on *delinquent* assessments. Secs. 35, 90, C. & M. Digest; also §§ 3588, 3589; 99 Ark. 349; § 3592, C. & M. Digest, shows this to be true. The legislative interest is clearly expressed as to this matter in §§ 3643, 3644, C. & M. Digest. The court had no authority to fix interest on any assessments but within sixty days after confirmation thereof, and the orders, not having been made in time, are void. The decree should be reversed, with directions to enter a decree for appellants.

*Jeff Bratton,* for appellees.

The same order that confirmed the assessments fixed the interest, as could be properly done, and interest can be collected on deferred assessments. Secs. 3589, 3590, 3591, C. & M. Digest; also § 3606; 99 Ark. 348. Appellants misconstrue opinion in *Oliver* v. *Whittaker,* 122 Ark. 291, which supports our position. Appellants have been paying interest since 1909 on bonds of district, and principal and interest since 1918, and are now estopped from making complaint. 25 R. C. L. 179-182. Sec. 3593, C. & M. Digest, has no application to these cases. Interest fixed in order confirming assessments. 151 Ark. 484; *Pierce* v. *Drainage Dist.,* 155 Ark. 89. The decree is correct and should be affirmed.

McCULLOCH, C. J. These two appeals are from decrees in suits to enforce the payment of delinquent assessments on lands situated in drainage districts. The appeals involve precisely the same questions, and have been consolidated and heard together in this court.

Each of the districts is located in Greene County, and was created by orders of the county court, pursuant to the authority of the general statutes on that subject. Crawford & Moses' Digest, sec. 3569 *et seq.* The question involved in each of the cases is whether or not interest can be collected on deferred installments of assessments. Serial bonds bearing interest were issued by each district, payable in installments from ten to twenty years after date, and the district collected in-

terest only on the assessments up to the time the first of the bonds matured. These suits are to collect installments of the assessments and annual interest thereon.

The principal contention in the case is that the statute does not authorize the collection of interest on deferred installments of the benefits.

The statute provides that, after the organization of the district, viewers shall be appointed, who shall estimate the benefits to lands in the district, and the damages (Crawford & Moses' Digest, § 3579), and report the same to the county court, and that there shall be a hearing by the court as to the correctness of the assessments, and the right of appeal to the circuit court. There is a provision in the statute for letting the contract for constructing the drains and for the issuance of interest-bearing bonds, or, in lieu thereof, interest-bearing warrants in denominations in convenient amounts so that such warrants may be used in paying assessments.

Section 3589, Crawford & Moses' Digest, provides as follows: "When the working sections of the improvement are let as hereinbefore provided, and the costs of location and of construction, widening, deepening or enlarging, and all compensation and damages shall be ascertained, the county court shall meet and determine at what time and in what number of assessments they will require the same to be paid, and order that the assessment or reassessment, as confirmed by them, be placed on the taxbook against the lot of land assessed or reassessed."

Section 3590 reads, in part, as follows: "The said assessment shall be entered by the county clerk in a special book, to be known as the ditch assessment book, which shall be provided by him, at the expense of the county, and said assessment and such interest thereon, not exceeding six per cent. per annum, as may be fixed by the court, at the time of its confirmation of the assessment, or within sixty days thereafter, and all costs

of collecting delinquent assessments, or any installments thereof, or the interest due for any year or years, including an attorney fee of ten per cent. on the amount of such assessment, installment, or interest thereof sued for, shall constitute a first and a paramount lien upon the lands assessed, and shall be collected in the same manner that the taxes are collected, and the collector shall bring suit for all delinquent assessments, or installments thereof, interest thereon, or any interest that may be due upon any bonds of any drainage district, and said fee, within sixty days after an assessment or installment thereof or interest on bonds shall become delinquent.''

The portion of the statute just quoted authorized the county court ''at the time of its confirmation of the assessment, or within sixty days thereafter,'' to order the payment of interest on deferred installments. This section, when read in connection with the preceding one, shows that it was the intention of the lawmakers to authorize the county court to determine ''at what time and in what number of assessments'' the amount of the benefits shall be paid, and what amount of interest, if any, shall be paid, not exceeding six per cent. per annum. Such is the construction placed upon the statute in *Benjamin Land & Timber Syndicate* v. *Bradher,* 99 Ark. 348.

Learned counsel urge that the reference in section 3590 to interest means interest on delinquent installments, but we cannot agree with that contention. The statute clearly refers to interest on deferred installments, and also interest on delinquent installments. This section undertakes to prescribe what shall constitute a lien from the date of the confirmation of the assessments on lands in the district, and it clearly authorizes the imposition of an interest charge on deferred payments. It was within the power of the Legislature to provide for such exaction of interest on deferred payments. *Oliver* v. *Whittaker,* 122 Ark. 291. Provision is made in another section of the statute (Crawford & Moses' Digest, § 3607) for payment in advance, or in the beginning,

of all the assessments, and there is thus afforded an opportunity for the taxpayer to escape the payment of interest, for the statute provides that, when the assessments are thus paid, an indorsement shall be made on the assessment list showing payment in full, and that these assessments shall not be entered on the books of the clerk for future installments. This section tends to make it plainer that, in the section hereinbefore quoted, authority was intended to be conferred on the county court to impose interest on deferred installments. This interpretation of the statute does not conflict with the contention of counsel that interest on the bonds was to be treated as a part of the cost of construction. But, even so treating the interest on the bonds, it was within the power of the lawmakers to authorize the payment of interest on deferred installments of assessments.

It is further contended that interest cannot be collected for the reason that the county court did not make the order at the time of the confirmation of the assessments, or within sixty days thereafter. The order, which appears in the present record, recites the confirmation of the assessments at that time, and the division of the assessments into installments- with interest at six per cent. payable on the deferred installments.

Our conclusion therefore is that the chancery court was correct in deciding that the payment of interest had been properly imposed by the county court and was collectible, so the decree is affirmed.