ANGLO-AMERICAN DIRECT TEA TRADING CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84529.   Promulgated October 4, 1938.

*Matthew M. Campbell, Esq.*, for the petitioner.
*George R. Sheriff, Esq.*, for the respondent.

OPINION.

MELLOTT: It is not disputed that the petitioner received gross income from sources within the United States during the fiscal years before us, and that such income consisted of dividends received from the American Co. in the amounts shown in the findings. There is also no question that section 23 (p) (1) of the Revenue Act of 1928 [1] and the corresponding sections of the act of 1932 [2] permit the deduction of dividends from gross income of either a domestic or foreign corporation. The sufficiency in content of the returns is not challenged.

The respondent points out that the deductions permitted under section 23 (p) (1), *supra*, are limited by the provisions of section 233 of the Revenue Acts of 1928 and 1932,[3] under which a foreign corporation is entitled to receive the benefit of the deductions allowed under section 23 (p) (1), *supra*, "only by filing or causing to be filed with the collector a true and accurate return of its total income received from all sources in the United States, in the manner prescribed in this title." In this connection he contends that section 233, *supra*, and in particular the phrase "in the manner prescribed in this title", means that deductions are allowable only when returns are filed within the *time* specified in section 235 of the Revenue Acts of 1928 and 1932.[4] Under the latter section petitioner was required to file its returns on or before May 30, 1933 and 1934, respectively, whereas it filed both returns on April 18, 1935. The respondent argues that consequently the petitioner is not entitled to the deduction of the

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

    \*      \*      \*      \*      \*      \*      \*

(p) *Dividends received by corporations.*—In the case of a corporation, the amount received as dividends—

(1) from a domestic corporation, or

    \*      \*      \*      \*      \*      \*      \*

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

    \*      \*      \*      \*      \*      \*      \*

(p) *Dividends received by corporations.*—In the case of a corporation, the amount received as dividends—

(1) from a domestic corporation which is subject to taxation under this title, or

    \*      \*      \*      \*      \*      \*      \*

[3] SEC. 233. ALLOWANCE OF DEDUCTIONS AND CREDITS.

A foreign corporation shall receive the benefit of the deductions and credits allowed to it in this title only by filing or causing to be filed with the collector a true and accurate return of its total income received from all sources in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits.

[4] SEC. 235. RETURNS.

In the case of a foreign corporation not having any office or place of business in the United States the return, in lieu of the time prescribed in section 53 (a) (1), shall be made on or before the fifteenth day of the sixth month following the close of the fiscal year, or, if the return is made on the basis of the calendar year then on or before the fifteenth day of June. If any foreign corporation has no office or place of business in the United States but has an agent in the United States, the return shall be made by the agent.

dividends and that the tax must be computed upon its gross income. The question presented, therefore, is the construction of section 233, *supra,* and in particular, the phrase "in the manner prescribed in this title."

Respondent cites, as a case in point, *Gladstone Co., Ltd.,* 35 B. T. A. 764. He admits, however, that the returns in the instant proceeding do not have the defect which was present in that case and that the question being presently considered, though raised, was not decided. There the return was defective in that it did not contain the information required by the statute and the regulations. It was held that the petitioner, "not having given such information, did not bring itself within the requirements of the statute" and the deduction of the dividends received by it from a domestic corporation was denied. In the instant proceeding, however, apparently all the information which the Commissioner deemed necessary was given; so the rationale of the *Gladstone* case has no application.

It is true, as respondent points out, that "manner" is a comprehensive term, and includes, but is more comprehensive than, "method, mode, or way." But whether it is broad enough to include the element of time is a more difficult question. In some instances it has been construed by courts as including time (*Harris* v. *Doherty,* 119 Mass. 142; *State* v. *McClure,* 91 Wis. 313; 64 N. W. 992; *Smith* v. *Haskell Mfg. Co.,* 28 R. I. 91; 65 Atl. 610; *Atchison T. & S. F. Ry. Co.* v. *Love,* 23 Okla. 192; 99 Pac. 1081; *Porter* v. *Brook,* 21 Okla. 885; 97 Pac. 645; *People ex rel Williams Engineering & Contracting Co.* v. *Metz,* 193 N. Y. 148; 85 N. E. 1070; *Wykoff* v. *Wheeler & Co.,* 40 Okla. 559; 139 Pac. 319; *Benjamin Land & Timber Syndicate* v. *Bradsher,* 99 Ark. 348; 138 S. W. 477); while in others it has been construed as not including it. *Bankers' Life Ins. Co.* v. *Robbins,* 59 Nebr. 170; 80 N. W. 484; *Moore* v. *City of Los Angeles,* 58 Cal. App. 555; 209 Pac. 64; *Chomel* v. *United States,* 192 Fed. 117; *United States* v. *Morris,* 1 Curt. 23; 26 Fed. Cases 1323 (No. 15,815); *Melsheimer* v. *McKnight,* 92 Miss. 386; 46 So. 827.

In most of the cases the courts have held that whether "manner" includes, or does not include, "time", depends upon the intent gathered from the context. As stated in *Moore* v. *City of Los Angeles, supra:*

* * * Whether the word "manner" shall be construed as including, not only the way or mode of doing a thing, but also the time of doing it, depends upon the intention of the lawmakers, to be gathered from the context; that is, the "manner" of doing a thing and the "time" of doing it are distinct things, and ordinarily the word "manner" will not be construed as including the element of "time", unless it shall appear from the context that the lawmakers intended that it should. * * *

A careful reading of sections 233 and 235 discloses no indication of a legislative intent to extend the meaning of "manner" so as to include "time." Neither section provides that the deductions may not be allowed unless the return is filed within the *time* prescribed. True, section 235 provides that the return "shall be made on or before the fifteenth day of the sixth month following the close of the fiscal year." But it does not provide, as a penalty, that if the return is not filed within that time the deductions will not be allowed. Section 53, applicable to corporations generally, and section 51, applicable to individuals, likewise provide that the returns "shall" be made within the time prescribed; but neither has ever been construed as prescribing, as a penalty for failure to file a return, that all deductions and credits must be disallowed.

An examination of the revenue acts discloses that Congress has frequently used the terms "manner" and "time", sometimes together and sometimes separately. Thus in section 101 (d) of the Revenue Act of 1932, the tax due in connection with capital gains is payable "in the same manner, at the same time, and subject to the same penalties" as other taxes. In section 115 (g) of the same act the phrase "at such time and in such manner" is used, while in section 291 the phrase "at the same time and in the same manner" is employed. It is common knowledge that Congress, in the preparation and consideration of the revenue acts, strives earnestly to select words and phrases which express the exact shade of meaning desired. We think it is but reasonable to assume that where the term "manner" is used, without any reference to "time", Congress intended it to have its usual and ordinary meaning of "mode, method, mien, style, or way" and not to include the element of time. The literal meaning of words employed in statutes levying taxes is most important; *United States* v. *Merriam*, 263 U. S. 179; *Gould* v. *Gould*, 245 U. S. 151; and if Congress had intended to deprive a foreign corporation of its right to deduct the dividends received from domestic corporations if it did not file its return within the *time* prescribed, we think it would have said so. To hold that the term "manner", as used in section 233, includes the element of time, would, we think, enlarge and extend the term beyond the sense in which it was used by Congress. This we can not do.

Another circumstance indicating that Congress did not intend to include the element of time in section 233 is what may be referred to, perhaps not strictly accurately, as the "structure" of the various parts of the revenue acts. They seem to have a more or less common pattern. Thus section 52 governs the manner of filing corporation returns, section 215 (a) deals with the manner of filing returns by or

for nonresident aliens, section 251 (f) the manner of filing returns by citizens of the United States who are in receipt of income from sources within possessions of the United States, and section 233 the manner of filing returns for a foreign corporation. Sections 53, 217, and 235 deal with the time and place of filing returns, while sections 56, 218, and 236 deal with payment. Inasmuch as separate sections deal with "manner" and "time", we think it highly improbable that Congress ever intended to include the element of time in the section dealing primarily with the manner of filing. We hold, therefore, that the mere fact the return was not filed within the time prescribed by section 235 does not, under the circumstances here present, preclude the allowance of the deductions claimed.

In view of our decision on the above issue, there is no income subject to tax in either of the years involved herein, since the gross income for each year consisted only of dividends received from the American Co. Section 291, *supra*, provides that in case of failure to make and file a return within the time prescribed by law, 25 per centum of the tax shall be added to the tax. Manifestly, 25 per centum of nothing is nothing; so while technically the so-called "25 percent penalty" should be added, under the circumstances here present there is still no deficiency in tax. (Cf. *Oscar K. Eysenbach*, 10 B. T. A. 716; *F. Hunt Lowry*, 11 B. T. A. 409; *Mollie Netcher Newbury, Trustee*, 31 B. T. A. 41, 53; affd., 80 Fed. (2d) 631; *Oklahoma Contracting Corporation*, 35 B. T. A. 232, 238.)

The respondent made a motion for judgment on the pleadings, based upon the admission contained in the petition that returns of income for the taxable years had been filed after the time prescribed by section 235, *supra*. In view of the conclusion reached upon the questions discussed, the motion is denied.

Reviewed by the Board.

*Decision will be entered for the petitioner.*