### CONNECTICUT FIRE INS. CO. v. OLDENDORFF et al.

(Circuit Court of Appeals, Ninth Circuit. March 16, 1896.)

#### No. 222.

CONTRACTS—RELEASE OF JOINT DEBTOR—FAILURE TO REVIEW JUDGMENT.

An action was brought against two of three joint obligors in a bond and the representatives of the third, who had died. One of the defendants defaulted, but no judgment was entered against him. The others defended, and separate judgments in their favor were entered, on different days. After the time for suing out a writ of error on the first judgment, which was in favor of one of the surviving obligors, had expired, the plaintiff sued out a writ of error on the other judgment, in favor of the rep-

resentatives of the deceased obligor. *Held* that, the failure of the plaintiff to sue out a writ of error on the first judgment within the time limited having made that judgment final, it operated as a release of the defendant in favor of whom it was taken, and hence, within the rule that a release of one joint obligor is a release of all, it operated as a release of the defendants in the other judgment, and that the writ of error should be dismissed.

In Error to the Circuit Court of the United States for the District of Oregon.

Milton W. Smith, for plaintiff in error.

Frank V. Drake and A. H. Tanner, for defendants in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is an action at law, brought by the plaintiff in error against the defendants in error upon a joint bond given by E. Oldendorff & Co., as principal, and Frank Botefuhr and John Brendle, as sureties, for the faithful performance of the duties of the principal in the bond as the agent of the plaintiff in error for Multnomah county, Or. The defendants Mary Tynan and August Stoldt are the personal representatives of John Brendle, deceased. E. Oldendorff, the principal in the bond, made default, but no judgment has been entered against him. The case was regularly tried before a jury as to the other defendants, and a verdict rendered in their favor. Separate judgments for costs were entered in favor of defendant Botefuhr on the 27th day of June, 1894, and for defendants Mary Tynan and August Stoldt on July 11, 1894. On January 5, 1895, a petition for a writ of error was filed, setting forth the judgment in favor of defendants Mary Tynan and August Stoldt, and praying for the issuance of a writ of error therefrom to this court. The writ of error was, on the same day, allowed as prayed for in the petition.

The defendant Botefuhr moves to dismiss the writ of error upon several grounds, among others, that he is not a party named in the petition for writ of error, that he is not a party to the judgment certified to this court, that a judgment was entered in his favor on June 27, 1894, and that the writ of error herein was not sued out within six months after the entry of said judgment in the circuit court. It is therefore perfectly clear that there is no writ of error as against the judgment rendered in favor of Frank Botefuhr. None could have been sued out against said judgment upon the date when the petition for the writ was presented, because more than six months had elapsed after the entry of said judgment. Section 11 of the act creating this court provides:

"That no appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit courts of appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed." 26 Stat. 829.

It has been repeatedly held by the supreme court, under the provisions of section 1008 of the Revised Statutes of the United States, that the time begins to run from the date of the entry of the judgment. Brooks v. Norris, 11 How. 204; Mussina v. Cavazos, 6 Wall.

355; Polleys v. Improvement Co., 113 U. S. 82, 5 Sup. Ct. 369. The various circuit court of appeals cases, with reference to the provisions of section 11 of the act creating this court, speak with no uncertain voice as to the practice. "The United States circuit court of appeals has no jurisdiction in a case where more than six months intervene between the entry of judgment and the day on which the writ of error is sued out." Coulliette v. Thomason, 50 Fed. 787, 1 C. C. A. 675; U. S. v. Baxter, 51 Fed. 624, 2 C. C. A. 410; Union Pac. Ry. Co. v. Colorado Eastern Ry. Co., 54 Fed. 22, 4 C. C. A. 161; Stevens v. Clark, 62 Fed. 321, 10 C. C. A. 379; White v. Bank, 71 Fed. 97, 17 C. C. A. 621. The motion to dismiss as to Botefuhr is well taken, and must be allowed.

The granting of this motion as to Botefuhr necessitates like action as to the motion of defendants Tynan and Stoldt, which is based upon the ground, among others, that a release as to one of the joint obligors upon the bond releases all. The failure of the plaintiff to sue out its writ of error within six months after the entry of the judgment against Botefuhr makes that judgment final, and operates as a release to Botefuhr from all liability upon the bond. If the plaintiff had brought all the defendants before the court, to correct the judgments which were adjudged in favor of defendants severally, within the time allowed by statute, the action of the court below could have been reviewed; but the writ of error seeks only to review the judgment as to two of the defendants. The action being joint as to all, the defendants before the court have the right to object to any review of the case on the merits, upon the ground that their co-defendant has not been brought before the court to share in the costs, if any were to be adjudged against them. The objection here made stands substantially upon the same plane, and is based upon the same reason, as if, though the action had been originally brought against the two defendants, or had been brought against all, and a judgment had thereafter been rendered against one of the joint obligors. In either event, objections based upon the ground that all the joint obligors must be proceeded against jointly would have to be sustained.

In Freem. Judgm. § 231, it is said:

"Whenever two or more persons are jointly liable, so that, if an action is commenced against any less than the whole number, the nonjoinder of the others will sustain a plea in abatement, and judgment against any of those so jointly bound merges the entire cause of action. The cause of action being joint, the plaintiff cannot be allowed to sever it against the objection of any of the defendants. By taking judgment against one, he merges the cause of action as to that one, and puts it out of his power to maintain any further suit, either against the others severally, or against all combined."

Numerous authorities are cited in support of this text.

In Sessions v. Johnson, 95 U. S. 347, and U. S. v. Ames, 99 U. S. 35–44, the court said:

"Even without satisfaction, a judgment against one of two joint contractors is a bar to an action against the other, within the maxim, 'Transit in rem judicatam'; the cause of action being changed into matter of record, which has the effect to merge the inferior remedy in the higher. King v. Hoare, 13 Mees. & W. 504. Judgment in such a case is a bar to a subsequent action against

the other joint contractor, because, the contract being merely joint, there can be but one recovery; and, consequently, the plaintiff, if he proceeds against one only of two joint promisors, loses his security against the other, the rule being that by the recovery of the judgment the contract is merged, and a higher security substituted for the debt."

In Suydam v. Barber, 18 N. Y. 468, the court said:

"According to the common law of this state, a judgment against one of several joint debtors, obtained in an action against him alone, is a bar to an action against the others. Robertson v. Smith, 18 Johns. 459; Pierce v. Kearney, 5 Hill, 82; Olmstead v. Webster, 8 N. Y. 413. It is held to be a bar upon the ground that, by the recovery of the judgment, the promise or cause of action as to the party sued has been merged and extinguished in the judgment, 'by operation of law, at the instance and by the act of the creditor.' This is plainly founded upon the nature and force of our law, and not upon the idea that the creditor is deprived of his right for any other reason than that, by the first suit and judgment, he has placed himself in a position where he is unable, legally, to assert or enforce his demand."

In the present case, the plaintiff, by its own act, has released one of the joint obligors of all liability, and is now seeking to enforce its rights against the others after the cause of action has been released as to one "by operation of law, and at the instance and by the act of the creditor." The general rule that a release of one of several joint obligors operates as a release of all is well settled. 20 Am. & Eng. Enc. Law, 751, and authorities there cited. There are several exceptions to this general rule, which need not be noticed, as this case does not come within any of the recognized exceptions of the adjudged cases.

The motion of Tynan and Stoldt is sustained. The writ of error is dismissed. The respective defendants are entitled to judgment for their costs.