## In Re Terrell's Estate.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 143).

1. *Appeals—Statutes Governing.*

Section 12 of the Act of Congress approved March 3, 1905 (Chap. 1479, 33 Stat. 1081) provides that all appeals or writs of error shall be taken from the United States Courts in Indian Territory to the United States Court of Appeals for said Territory in the same manner as appeals are now taken from the Circuit Court of the United States to the Circuit Court of Appeals for the United States for the Eighth Circuit. The law governing the latter is the Act of Congress of March 3, 1891, (Chapter 517, 1 Supp. Rev. St. P. 904 (U. S. Comp. St. 1901, p. 552), Section 11 of which provides "that no appeal or writ of error by which any order, judgment or decree may be reviewed in the Circuit Court of Appeals under the provisions of this act shall be taken or sued out except within six months after the entry, judgment or decree sought to be reviewed.

2. *Appeal—Writ of Error, Nature of Each Distinguished.*

The right of appeal is not a common law right, as is the writ of error. It is purely statutory, and in the absence of statute does not exist. Therefore the statute governing appeals is to be strictly observed.

Appeal from the United States Court for the Northern District of the Indian Territory; before Justice J. A. Gill, Dec. 9, 1904.

In the matter of the probate of the will of Betsy Terrell, deceased. From an order of probate on the petition of N. B. Foreman, Mellissa Ross appeals. Dismissed.

*W. P. Thompson* and *W. H. Kornegay*, for appellant.

*Edgar Smith*, for appellee.

LAWRENCE, J. This is an appeal from an order of probate in common form, of the will of Betsy Terrell, made and entered in probate December 9, 1904. August 5, 1905, the appellant, Mellissa Ross, presented her petition for an order of appeal from said order of probate of December 9, 1904, to Hon. Joseph A. Gill, one of the judges of the United States Court for the said Northern District of Indian Territory, and upon said August 5, 1905, the prayer of said petition was granted and the amount of cost bond fixed at $100, as appears in the order of said judge. On the same date the cost bond was executed, citation ordered to issue, assignment of errors made, and service of citation accepted by appellee. The transcript of the record was filed in this court Aug. 30, 1905, Prior to the June term, 1905, of this court, the appellee filed herein his motion to dismiss the appeal, and served notice of same upon appellant that it would be submitted October 27, 1905. By agreement of counsel, the hearing, on motion, was continued to the June term, 1906.

The point made by appellant is that the appeal was not taken within the period fixed by law for taking appeals after final judgment or order rendered, and therefore it should be

dismissed. Section 12 of an act of Congress approved March 3, 1905 (chapter 1479, 33 Stat. 1081), provided that all appeals or writs of error shall be taken from the United States Courts in Indian Territory to the "United States Court of Appeals for said territory    *    *    *    in the same manner as is now provided for in cases taken by appeal or writ of error from the Circuit Court of the United States to the Circuit Court of Appeals of the United States for the Eighth Circuit." The law governing such appeals to the United States Circuit Court of Appeals is the act of Congress approved March 3, 1891 (chapter 517, 1 Supp. Rev. St. p. 904 (U. S. Comp. St. 1901, p. 552)). Section 11 provides "that no appeal or writ of error by which any order, judgment or decree may be reviewed in the Circuit Court of Appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree, sought to be reviewed." The right of appeal is not a common-law right, as is the writ of error. It is purely statutory, and in the absence of statute does not exist. Therefore the statute governing appeals is to be strictly observed.

At the time this appeal was taken the six-months' statute of limitation was in force, and controlled the right of appeal. The limitation of six months had run from the date of the order of probate of will before the order of appeal was granted. The order for appeal was coram non judice, and therefore it follows that the motion to dismiss the appeal must be sustained, and it is so ordered.

Appeal dismissed.

CLAYTON and TOWNSEND, JJ., concur.