## PORTER *et al.* v. BROOK.

No. 855, Ind. T.    Opinion Filed September 10, 1908.

(97 Pac. 645.)

·APPEAL AND ERROR — Time of Taking Appeal — Ind. Ter. Pro-
cedure.    Under Act Cong. March 3, 1905, c. 1479, sec. 12, 33
Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), providing that
appeals and writs of error shall be taken from the United States
Courts in the Indian Territory to the United States Court of
Appeals of said territory in the same manner that cases are
taken by appeal or writ of error from the Circuit Courts of the
United States to the Circuit Court of Appeals, an appeal must
be taken within six months from the. date of the entry of the
judgment sought to be reviewed.

(Syllabus by the Court.)

*Appeal from. the United State Court for the Western District of
the Indian Territory, at Muskogee; Wm. R. Lawrence, Judge.*

Suit by Edward Porter and · others against Eck E. Brook.
Judgment for defendant, and plaintiffs appeal.    Dismissed.

This is a suit in equity for partition, brought by appellants
against appellee in the United States Court of the Indian Terri-
tory at Muskogee.    A final decree dismissing plaintiff's suit was
rendered in that court on September 6, 1905, and on the 18th
day of April, 1907, more than six months after the entry of the
judgment appealed. from, appellants prayed for and obtained an
appeal to the United States Court of Appeals of the Indian Ter-
ritory, where the case was pending at the time of the admission of
the state into the Union, and the case is now before this court for
final disposition under the provisions of the Enabling Act.

*W. F. Schuermeyer* and *De Roos Bailey,* for appellant.
· *N. A. Gibson* and *Geo. S. Ramsey,* for appellee.

HAYES, J.    A motion to dismiss the appeal in this action has
been filed by defendant in error (appellee), in which he asks that

the appeal be dismissed for the reason that it was not taken within six months from the date of entry of the judgment in the trial court. The court of Appeals of the Indian Territory was established by Act Con. March 1, 1895, c. 145, and by section 11 of said act (28 Stat. 698) that court was given such general superintending control over the United States Courts in the Indian Territory as was conferred upon the Supreme Court of Arkansas over the courts of that state by the provisions of chapter 40 of Mansfield's Digest of the Statutes of Arkansas, and said chapter was, in so far as it related to the jurisdiction and powers of the Supreme Court of Arkansas as to appeals and writs of error and as to the trial and decision of causes, extended and put in force in the Indian Territory in so far as applicable. Ind. T. Ann. St. 1899, c. 17. The same section of that act of Congress provided that writs of error and appeals from the decision of the Court of Appeals of the Indian Territory should be allowed and taken to the Circuit Court of Appeals for the Eighth Circuit in the same manner and under the same regulations as appeals are taken from the Circuit Courts of the United States.

Section 1276 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, § 778), which section is one of the sections of said chapter 40, reads:

"An appeal or writ of error shall not be granted, except within three years next after the rendition of the judgment or order, unless the party applying therefor was an infant, married woman, or of unsound mind, at the time of its rendition, in which cases an appeal or writ of error may be granted to such parties, or their legal representatives, within one year after the removal of their disabilities, or death, whichever may first happen."

Under the provisions of this section, an appeal or writ of error to review a judgment or order of one of the United States Courts in the Indian Territory could be granted only at a time within three years after the rendition of the judgment or order appealed from, except in those instances enumerated in the section. With said chapter 40 of Mansfield's Digest of the Statutes of Arkansas prescribing the appellate procedure in cases taken

from the trial courts to the Court of Appeals of the Indian Territory and the federal procedure controlling in cases taken from said Court of Appeals to the Circuit Court of Appeals, two different systems of appellate procedure prevailed in the Indian Territory controlling the final disposition of the cases arising therein. These systems of procedure were both complete, but unlike.

Congress, by section 12 of the Indian Appropriation Act, approved March 3, 1905, (33 Stat. 1081, c. 1479 [U. S. Comp. St. Supp. 1907, p. 208]), provides:

"That hereafter all appeals and writs of error shall be taken from the United States Courts in the Indian Territory to the United States Court of Appeals in the Indian Territory, and from the United States Court of Appeals in the Indian Territory to the United States Circuit Court of Appeals for the Eighth Circuit in the same manner as is now provided for in cases taken by appeal or writ of error from the Circuit Courts of the United States to the Circuit Court of Appeals of the United States for the Eighth Circuit."

By this act it appears that Congress intended to, and did, substitute for the procedure provided by chapter 40 of Mansfield's Digest the federal procedure by which cases are taken from the Circuit Courts of the United States to the Circuit Court of Appeals for the Eighth Circuit, and at the same time provided that the same procedure should govern in cases taken from the Court of Appeals in the Indian Territory to the Circuit Court of Appeals, thereby prescribing a uniform system of procedure for appeals from judgments and orders both of the trial court and of the intermediate appellate court of the Indian Territory. Section 12, *supra,* was not by express language made as an amendment to said chapter 40 or any part thereof. It was not enacted to cure or supply any defect in the procedure prescribed by said chapter, for none existed. A complete appellate procedure for taking cases from the trial courts to the Court of Appeals was provided by said chapter 40. We think it was the intention of Congress to substitute the procedure in appeals from the Circuit

Courts of the United States to the Circuit Court of Appeals for the Eighth Circuit for the procedure prescribed by said chapter 40.

Act Cong. March 3, 1891, c. 517, § 11, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552), provides what procedure shall govern appeals and writs of error by which judgments or orders are sought to be reviewed in the Circuit Court of Appeals. This section reads in part as follows:

"That no appeal or writ of error by which any order, judgment or decree may be reviewed in the Circuit Court of Appeals, under provision of this act, shall be taken or sued out except within six months after the entry of the judgment, order or decree sought to be reviewed."

It has been repeatedly held that the Circuit Court of Appeals, under this section, has no jurisdiction in a case where more than six months intervene between the entry of the judgment in the trial court and the date on which the writ of error is sued out. *Conn. Fire Ins. Co. v. Oldendorff,* 73 Fed. 88, 19 C. C. A. 379; *Condon v. Central L. & T. Co.,* 73 Fed. 907, 20 C. C. A. 110; *While v. Iowa National Bank,* 71 Fed. 97, 17 C. C. A. 621; *Threadgill v. Platt* (C. C.) 71 Fed. 1.

It has been suggested that the act of March 3, 1905, contains no repealing clause, and does not repeal by express language section 1276 of Mansfield's Digest, *supra,* and that there has been no repeal of said section, unless by implication, and that repeals by implication are not favored. This we recognize as an established rule of construction; but there is also another equally well established rule of construction as to repeals by substitution, which is a form of repeal by implication, that where a statute is designed to create a new and independent system, and is not merely cumulative of the common law or of existing statutes, and disposes of the whole subject of legislation, such statute displaces the old system without an express repealing clause. Section 12, *supra,* was not enacted by Congress to supply any defect in the appellate procedure then in force in the Indian Territory nor was it merely cumulative. Under the construction contended for by plaintiff

in error it substituted the appellate procedure for the Arkansas procedure in all the steps of an appeal, except where the element of time is involved. To adopt this construction contended for by plaintiff in error would defeat the object which we think Congress intended and sought to accomplish, which was to simplify and harmonize the appellate procedure in the Indian Territory, by establishing one system of procedure to control in taking cases both from the trial court to the intermediate appellate court, which was the Court of Appeals of the Indian Territory, and from that court to the final appellate court. The construction contended for by plaintiff in error would not only leave parts of both systems of procedure in effect, but would also apply parts of both to the same appeal, whereas theretofore the Arkansas appellate procedure alone applied in appeals taken from the trial court to the Court of Appeals, but under the construction contended for, a portion of the Arkansas appellate procedure would apply in these cases and a portion of the federal procedure. This would lead to complications and confusion, rather than to simplicity, and we do not think that such construction of the act and such result was intended and contemplated by Congress, and therefore such construction should not be given to this section of the act unless compelled by the language of the act.

It is urged that the phrase "in the same manner" of the act cannot include the element of time, and refers only to the way or mode in which the appeal may be taken or writ of error sued out and prosecuted, and not to the time within which it may be done. Whether the word "manner," or the phrase "in the same manner," may include the element of time, has been answered by the courts both in the affirmative and in the negative. The Supreme Court of Nevada, in *State of Nevada v. Eureka Consolidated Mining Co.*, 8 Nev. 15, held, without discussion, that the word "manner" in the statute under consideration in that case did not mean time. The Supreme Court of Nebraska, in *Bankers' Life Ins. Co. v. Robbins*, 59 Neb. 170, 80 N. W. 484, construed the word "manner" as not including the element of time as it

was used in certain sections, of the Code of Civil Procedure in that state providing for the reviving of dormant judgments in the same manner as was provided for reviving actions before judgment.

"Manner" was also construed by the court as not including time in *United States v. Morris*, Fed. Cas. No: 15,815. The language of the statute before the court in that case was:

"And the District Court may, moreover, in like manner, remit to the Circuit Court any indictment pending in said District Court, when, in the opinion of the court, difficult and important questions of law are involved in the case; and the proceedings thereupon shall thereafter be the same in the Circuit Court as if such indictment had been originally found and presented therein."

The preceding part of the same section of the statute, to which it was contended the phrase "in like manner" referred, directed that indictments for capital offenses be remitted to the next term of the Circuit Court. The court, in discussing the meaning of the word "manner," said:

"The question would still remain whether the order to remit must be made at the term at which the indictment is presented. The time when such order is to be entered may or may not be considered as part of the 'manner' of remitting. Generally, the time of doing an act and the manner of doing an act are distinct things. The phrase 'at such times and in such manner' is one of very frequent occurrence in legal language, and is strictly correct. Still it may be that, though not naturally included, Congress intended to embrace the time of entering the order in the words 'in like manner,' and therefore it is necessary to look carefully at the different parts of this statute, and see if such was the intention of Congress."

The court then proceeded to review the different provisions of the statute, and concluded that the word "manner," as used therein, did not include time.

*Harris et al. v. Doherty*, 119 Mass. 142, and *States v. McClure*, 91 Wis. 313, 64 N. W. 992, are cases in which the word "manner" was construed as including the element of time. In *State v. McClure* the language of the statute under consideration reads: "It shall be the duty of the county board, at is next an-

nual meeting in November, to fix the salary for the sheriff in the same manner as salaries are fixed for other county officers." It was attempted by the board at its regular annual meeting in November to fix the salary for the sheriff after he had been elected. There existed in the statute of Wisconsin a provision that the county board at its annual meeting in November should fix the salary of every county officer "who is elected during the ensuing year, and who is entitled to salary from the county treasury, and that such salary shall not be increased or diminished during his term of office." The matter in controversy in that case was whether the phrase "in the same manner" required that the board should fix the salary of the sheriff before his election, as provided for the other county officers. The court in the opinion said:

"The word 'manner' in a statute may undoubtedly include 'time,' if such seems to have been the intent of the lawmakers. the intent of the lawmakers here being clearly to make the fixing of the sheriff's salary a part of the general system, we feel obliged to construe the words 'in the same manner' as including the element of 'time.' "

We think the language quoted from *United States v. Morris, supra,* to the effect that the "manner" of doing a thing and the "time" of doing it are distinct things, but that "manner" may embrace "time" if such was the intention of Congress, states the correct rule. In the procedure under which cases are taken by appeal or writ of error from the Circuit Court to the Circuit Court of Appeals of the Eighth Circuit, the time in which the appeal may be taken or the writ of error sued out is not the only instance in which the element of time is involved If the phrase under consideration does not embrace the element of time in one instance, it does not embrace the element of time in the others; and Congress by the act of 1905 placed in force in the Indian Territory a hybrid system of appellate procedure, which, instead of simplifying the appellate procedure theretofore existing, by substituting one for both, confounded the confusion already existing. Such was not the intention of Congress.

The question presented by this motion to dismiss was directly

presented to and passed upon by the Court of Appeals in the Indian Territory in *Re Terrell's Estate*, 6 Ind. T. 412, 98 S. W. 143. The court held in that case that an appeal under the act of March 3, 1905, must be taken within six months from the entry of the judgment sought to be reviewed.

The Court of Appeals of the Indian Territory was not the court of final appellate jurisdiction in cases arising in that territory, but our high regard for the opinions of that court and the other reasons assigned herein lead us to conclude that this appeal should be dismissed; and it is so ordered.

All the Justices concur.