## ECKLES v. BOARD OF COM'RS OF HUGHES CO.

No. 15593—Opinion Filed Sept. 15, 1925.

### 1. Counties — Health Superintendent—Compensation.

Under section 8680, C. S. 1921, the compensation to be allowed the county superintendent of public health is fixed and limited to $5 a day for the time actually and necessarily served. and not exceeding the sum total of a certain amount per annum according to the population of the county, and any other compensation allowed is by contract for actual and necessary expenses, in the discharge of his duties, in carrying out the "provisions, rules, and regulations" promulgated by such health officer and the board of county commissioners for the suppression of dangerous epidemics in the county.

### 2. Same—Expenses in Epidemics—Necessity for Contract.

The compensation for expenses provided in the last paragraph of section 8680, C. S. 1921, for the suppression of dangerous epidemics is not in the nature of an involuntary indebtedness, but is voluntary, and grows out of a contractual relation, and any claim not contracted under this provision is illegal and void.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by Geo. R. Eckles against the Board of County Commissioners of Hughes County. Judgment for defendant, and plaintiff appeals. Affirmed.

Orr & Woodford. for plaintiff in error.

Tom H. Fancher and Don Wilbanks, for defendant in error.

Opinion by THREADGILL, C. The question involved in this appeal is the legality of claims and expenditures for the county superintendent of health beyond the amount of the estimate approved by the county excise board.

The action was brought by the plaintiff in error, as plaintiff, against the defendant in error. as defendant, to recover on two itemized accounts, one in the sum of $348.-50 for services and expenses in treating smallpox from March 1, 1921, to February, 1922, and the other in the sum of $341 for services and expenses in treating smallpox from February 1, 1922, to February 24, 1922. In the first claim, $110 of the amount was for items for professional services in the matter of treating individuals for smallpox, inspections, and quarantine, and $208.50 was items of expenses in the matter of traveling in an automobile at 50 cents per mile. In the second claim, $125 of the amount was items for services to individuals for smallpox, and $189 for automobile expenses at 50 cents per mile. The petition stated that there was a dangerous epidemic of smallpox in the county at the time the claims were made, and that the plaintiff rendered the services and incurred the expenses at the request of the defendant to prevent the spread of the disease.

The defendant answered the petition of plaintiff by general denial, and further stated that the $500 appropriated for each of the fiscal years, in which the claims were made, was exhausted before the said claims were made and they were, therefore, illegal and void. Defendant further pleads that the items for expenses set out in the said claims are illegal and void, as the law does not provide for them. The answer further states that there was no dangerous epidemic of smallpox in the county, as stated by plaintiff, and no emergency existed, and no action on the part of the board of county commissioners was taken declaring an emergency, and no rules and regulations on their part to prevent the spread of the epidemic; and whatever the plaintiff did to incur an expense beyond the appropriation for his department, as the superintendent of public health, was done without the concurrence or consent of the county commissioners.

These issues were tried to the court, both parties waiving a jury. The plaintiff was the only witness. He testified as to the items making up the claims, and explained the services he rendered and the number of cases afflicted with smallpox, running up to over 100 families with about seven to the family; and he explained the items of expenses for the automobile and the 50 cents per mile as a reasonable charge. He admitted that the board of county commissioners took no action by resolution or otherwise to co-operate with him in the emergency he said existed. Then it was stipulated that at the time the claims were made, the $500 appropriation for quarantine purposes, as provided by statute, to be allowed to the county health officer, had been exhausted and had been paid to plaintiff on other services as county health officer on claims submitted to the board of county commissioners. The court rendered judgment for defendant, and plaintiff has appealed on the ground that the judgment is contrary to the evidence and the law.

1. Plaintiff's first contention is that there

was a dangerous epidemic of smallpox in the county covered by the dates of his two claims, and section 8680 Comp. St. 1921, provides for the work he did and the expense incurred. The material part of this statute reads as follows:

"Provided, further, that should an emergency exist on account of dangerous epidemics, the county superintendent of public health and the board of county commissioners may make such provisions, rules and regulations as may be necessary under such conditions, to prevent the spread of such dangerous epidemics, and shall have full power to compel submission to any rules and regulations that they may deem for the best interest of their community, to stamp out or prevent the spread of such epidemic. In addition thereto the board of county commissioners may allow and pay the actual and necessary expenses contracted in the discharge of the duties of the superintendent of public health when atempting to control and prevent the spread of any epidemic."

Admitting that the dangerous epidemic did exist—plaintiff's testimony as to the conditions is not contradicted—still, can it be said that the dangerous epidemic of itself is sufficient to bring the plaintiff's claims within the purview of the statute? It will be observed that whatever the emergency on account of the dangerous epidemic, the county superintendent of public health and board of county commissioners are required to act together in formulating such "provisions, rules and regulations", as may be necessary to prevent the spread of such epidemic, and they are given full power to compel submission to their rules and regulations to stamp out or prevent the spread of such epidemic. The evidence in this case does not show any concert of action on the part of the health official and the county commissioners. Whatever rules and regulations were made were done by the superintendent of health and the county commissioners passed no resolution and took no action in the matter. Then this section in providing for payment of actual and necessary expenses required that they must be such as are contracted for in discharge of the health official's duties in the emergency. The evidence must show a contractual relation between the parties, there must be rules and regulations agreed upon fixing the duties of the health officer, and there must be a promise to pay for services and expenses incurred. The evidence fails to show any compliance with the statute in these respects. But we cannot see anything mandatory in these provisions of the statute, even in case of an

emergency. It is discretionary with the county commissioners as to whether they take any action or not even if a dangerous epidemic does exist. If they do act, and with the superintendent of health, make rules and regulations to meet the danger, even then they could not contract for expenses beyond the resources of the county and the constitutional limitations of indebtedness. If within such limits, the contract would be legal; otherwise illegal and void.

2. In the second place, plaintiff contends that his claims come under the head of involuntary indebtedness, and cites us the case of Smartt, Sheriff, v. Board of County Commissioners of Craig County, 67 Okla. 141, 169 Pac. 1101. In this case the court laid down this rule:

"Moneys lawfully expended by a sheriff in the feeding of prisoners and fees earned by him in the discharge of duties imposed upon him by the Constitution and laws of the state constitute a valid charge against the county, and are not within the limitations imposed upon the county by section 26, art. 10, Constitution."

Also the case of Hume v. Wyand, 68 Okla. 261, 173 Pac. 813, where the same rule is stated as follows:

"Constitutional provisions, such as section 26, art. 10, Williams' Constitution, do not apply to those liabilities which are not voluntarily incurred, but are imposed upon the municipality by the sovereign power, as expressed in the Constitution and the valid acts of the Legislature."

We cannot see any application of this rule or of these cases to the case at bar or the point in question. In the first place, the county superintendent of public health is not a constitutional officer. The board of health is provided for by the Constitution, art. 5, sec. 39, but not county superintendents of health. In the second place, the duties of the county health officer are defined by statute and the fees are fixed and limited by statute according to the population of the respective counties. Section 8680. supra. In the third place, any other compensation is for emergency work, in suppressing dangerous epidemics, and this is by contract and not by involuntary responsibility or liability.

We are, therefore, of the opinion that the judgment of the trial court is correct and should be affirmed.

By the Court: It is so ordered.

Note.—See under; (1) 15 C. J. p. 504, § 169; 29 C. J. p. 247, § 28. (2) 15 C. J. p. 504. § 169; 29 C. J. p. 247, § 28.