## BOARD OF COUNTY COM'RS OF CARTER COUNTY et al. v. DOROUGH.

No. 25930. June 30, 1936.

Marvin Shilling, Co. Atty., for plaintiffs in error.

J. B. Moore, for defendant in error.

PHELPS, J. In the district court of Carter county the plaintiff obtained a writ of mandamus against the board of county commissioners and the excise board of that county requiring them to make an appropriation for the compensation due the plaintiff as county superintendent of public health, according to the provisions therefor contained in section 7770, O. S. 1931. The defendants have appealed, contending that whether the county commissioners should make an appropriation to pay plaintiff's compensation or salary was entirely discretionary with that board, and that therefore mandamus does not lie.

It is unnecessary to relate all of the facts adduced at the trial. It is sufficient to observe that the trial judge was abundantly justified in the reason which he announced for the judgment,—namely, that the failure of the county commissioners to make the appropriation was attributable solely to political discord between them and the plaintiff, that there was ample room for the allowance of this compensation within the constitutional limitation, and, in substance, that the failure to make the appropriation in compliance with the law was wholly arbitrary and without foundation. It appears that the county commissioners had really made the appropriation, in the beginning, but upon learning that they cou'd not discharge the plaintiff (since plaintiff's tenure of office was regulated by statute and subject to the orders of the State Health Commissioner), they then struck this item from that particular portion of the budget and added it to the item for charity. The evidence was that the failure to make the appropriation was motivated solely by the desire to discharge the plaintiff; that is, to terminate his services by refusing to pay him. There is no contention that the plaintiff, who was appointed by the State Commissioner of Health, was in any manner remiss in his duty, or was not qualified, or that the county was unable to make the appropriation within the constitutional limitations.

Section 4448, O. S. 1931, provides that in every county in the state there shall be appointed by the State Commissioner of Health a county superintendent of public health. This section further prescribes his qualifications and duties. Section 7770, O. S. 1931, directs that the board of county commissioners shall pay him certain designated compensation. The county superintendent of public health is a legislative officer, as distinguished from a constitutional officer, just as a deputy court clerk is a legislative officer. We held in Board of County Commissioners of McIntosh County et al. v. Kirby, 174 Okla. 20, 49 P. (2d) 746, that no discretion is lodged in the board of county commissioners in so far as the duty to make provisions for the payment of the salary of a deputy court clerk is concerned. We also held that the position, created by the Legislature, cannot be abolished by failure to provide a salary by appropriation, and also affirmed a writ of mandamus to make the appropriation, granted in that action by the lower court.

We agree with the contention of defendants to the effect that mandamus will not ordinarily lie to control the discretion of the action of a lower court, board, or tribunal. However, under the uncontradicted evidence in this action, the refusal to make the appropriation was not at all the result of the exercise of discretion, nor in any wise related thereto, but, on the contrary, was purely arbitrary, capricious, and oppressive. If by the arbitrary exercise of the board's authority there has been in fact no actual exercise in good faith of the judgment and discretion granted the board by the law, the writ is an available remedy to the aggrieved party. 19 Am. & Eng. Ency. of Law, 739; Board of Commissioners of Seminole County v. State ex rel. Cobb, County Judge, 31 Okla. 196, 120 P. 913, 914. We held to the following effect in Dunham, City Clerk, v. Ardery, 43 Okla. 619, 143 P. 331, L. R. A. 1915B, 233, Ann. Cas. 1916A, 1148:

"Where an inferior officer is vested with the exercise of discretion or judgment in the discharge of his duties, but in any case where his duties are clear, and there are not sufficient controverted facts to call for the exercise of discretion and judgment, or

where such officer acts arbitrarily or fraudulently, a writ of mandamus may be issued to require the performance of his duty."

We have held that although ordinarily mandamus will not lie to compel the performance of the duty of an officer when such discharge of the duty requires an exercise of official judgment and discretion and the particular duty is not a purely ministerial duty, yet the writ may be issued to correct an abuse of discretion or to compel action where the action taken or the refusal to act is arbitrary, even though the officer is vested with judgment and discretion in the performance of the specific duty. State ex rel. H. F. Wilcox, etc., v. Walker, 168 Okla. 543, 35 P. (2d) 269, 273; Green-Boots Const. Co. v. State Highway Commission, 165 Okla. 288, 25 P. (2d) 783; Board of Education v. Short, Atty. Gen., 89 Okla. 2, 213 P. 857; Shofner, Co. Supt., v. Mercer, 164 Okla. 170, 23 P. (2d) 623.

The defendants cite Board of Commissioners of Creek County v. Robinson, 140 Okla. 142, 282 P. 299, and Eckles v. Board of County Commissioners of Hughes County, 112 Okla. 33, 239 P. 567, neither of which cases is in point, for the reason that those actions were for the direct recovery of statutory compensation where no appropriation had been made, or where the appropriation had been exhausted, while the instant action is one of mandamus to compel the appropriation. In fact the Robinson Case could more correctly and consistently be cited by the plaintiff in this action, as authority for the contention that he had had no adequate remedy at law and was thus entitled to maintain mandamus, for that decision held that no action would lie directly against the county, in the absence of an appropriation to meet the expenses or salary of the county superintendent of public health.

It appears that, after the district court granted the writ of mandamus, notwithstanding defendants' appeal to this court, they made the appropriation prayed for, but the defendant county commissioners refused to allow any claim against the appropriation, and defendant in error moves to dismiss the appeal upon the ground that defendants having made the appropriation, the questions involved are moot.

However meritorious this motion may be, we have deemed it for the best interest of all parties concerned to express our views upon the questions of law involved and dispose of the case on its merits rather than to sustain the motion to dismiss. It follows from all we have said above that the judgment of the district court must be and the same is hereby affirmed.

OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.