2001 OK CIV APP 150

A.C. ANDREWS; Robert A. Andrews; Kevin R. Antwine; Vertis W. Banks David W. Bell; Charles Randall Bland; Mark A. Brown; Russell N. Chaney; Michael Cox; Scott L. Croasdale; Dennis D. Dancer; Larry D. Davenport; Randall H. Green; Michael D. Groeber; Chris L. Harkey; Joel D. Harmon; Michael C. Henderson; Darrell Hendrick; Tommy R. James; Jerry A. Keener; Linda Lamirand, surviving spouse of Monty Lamirand, Deceased; Rebecca Ledbetter; Merle E. Long; David W. Lynch; Gordon W. Manning; Louis F. McClain; Don G. Millard; Ivan P. Musselman; Anthony Nelson; Tony L. Richardson; C. Mile Rousey; Gary D. Rozell; Bob W. Sanders; Sam R. Shelton; Tony W. Simmons; S. Wayne Skrdla; Blakely R. Smith; David R. Turner; Averil Wallace; Dewayne Walters; James M. West, Plaintiffs/Appellants,

v.

STATE of Oklahoma, ex rel., DEPARTMENT OF PUBLIC SAFETY and Office of Personnel Management, Defendant/Appellee.

No. 96,283.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 17, 2001.

As Corrected Aug. 22, 2001.

Certiorari Denied Nov. 6, 2001.

Mickey James, Marcie James, Green, James & Williams, Oklahoma City, OK, Bill James, Yukon, OK, for Plaintiff/Appellants.

Honorable Drew Edmondson, Attorney General, Scott D. Boughton, Assistant Attorney General, Oklahoma City, OK, for Defendant/Appellee.

HANSEN, Chief Judge.

¶ 1 Plaintiff/Appellants, employees of the Lake Patrol Division of the Oklahoma Department of Public Safety (Employees), seek review of the trial court's order granting summary judgment in favor of Defendant/Appellee, State of Oklahoma ex rel. Department of Public Safety (DPS) and Office of Personnel Management (OPM) (collectively State) on Employees' claim for damages arising from State's failure to comply with a statutory directive governing the setting of Employees' salaries. We affirm because the statute created no private right of action and has been repealed.

¶ 2 In 1988, the Legislature amended *63* O.S.Supp.1987 825.1 and recodified it as 47 O.S.Supp.1988 § 2–135, adding the following language in Subsection A:

> Salaries and promotional requirements for all officers and employees of the Division shall be governed by procedures established by the Office of Personnel Management and shall conform with a regional salary schedule and promotional procedures established by the Commissioner of Public Safety and a lake patrol promotional process committee, appointed by the Commander of the Lake Patrol Division.

Okla.Sess.Laws 1988, Ch.98, § 3, eff. July 1, 1988.

¶ 3 In 1996, Employees filed the instant suit, alleging the Commander of the Lake Patrol, at the request of the Commissioner of Public Safety, conducted regional salary surveys in 1993 and 1995, but Employees have not been compensated in accordance with the surveys. They sought back pay and a writ of mandamus requiring State to comply with the statute, as well as other relief.

¶ 4 In 1998, the Legislature repealed § 2–135 and replaced it with 47 O.S.Supp.1998 § 2–105.6, which set a salary schedule for Lake Patrol officers effective October 1, 1999. Okla.Sess.Laws 1998, Ch.245, § 6, eff. July 1, 1998. Employees agree the change mooted some portions of their lawsuit. They contend "[t]he primary issues left to be determined are whether or not [Employees] are entitled to receive payment for the difference between salaries actually received and salaries [State was] required by 47 O.S. 2–135 to pay them."

¶ 5 State moved for summary judgment, arguing Employees had no cause of action for monetary relief because the statute did not establish specific salaries and did not make an appropriation for specific salaries. State argues mandamus is available to compel an official to act and decide, but it cannot direct the official to act and decide a particular way; therefore, Employees are not entitled to a writ directing State to adopt a particular regional salary survey. It argues Employees' request for mandamus is moot because the statute has now been repealed. State also argues Employees failed to exhaust their administrative remedies.

¶ 6 Employees argue the Legislature clearly and unambiguously stated its intent directing the method of calculating Lake Patrol salaries and providing for those salaries to be paid from the appropriation to DPS, citing Okla.Sess.Laws 1988, Ch. 98, §§ 2 and 3. They argue the use of the word "shall" in 47 O.S.Supp.1988 § 2–135 connotes a mandatory duty; therefore the Legislature commanded State to pay Employees in conformity with the regional salary schedule. They assert, without citation of authority, that the Court may order retrospective compliance with § 2–135 in order for Employees to recover wages due them under the statute. Employees argue an administrative remedy was unavailable to them because 47 O.S.Supp.1994 § 2–105 (c)(4) (now codified as § 2–105(D)(4)) excepted uniformed officers from the OPM grievance procedure, and the DPS grievance procedure for uniformed officers excepted

compensation issues from the scope of grievances which could be submitted under its procedure.

¶ 7 The parties agree the Commander of the Lake Patrol submitted salary surveys in 1993 and 1995. They disagree as to when OPM first became aware of the surveys, but agree that neither the Commissioner of Public Safety nor OPM ever acted on the surveys. State offers no explanation of its officials' failure to act. Neither party mentions the involvement of a "lake patrol promotional process committee."

¶ 8 The undisputed facts in the record on appeal show the Commissioner of Public Safety failed to comply with § 2–135 during the entire ten-year period it was in effect. At any time during this period, Employees arguably would have been entitled to a writ of mandamus pursuant to 12 O.S.1991 § 1451 requiring the commissioner to act in compliance with § 2–135 by meeting with a lake patrol promotional process committee appointed by the Commander of the Lake Patrol Division and establishing a regional salary schedule. Because compensation issues were excluded from the administrative grievance procedure, Employees had no administrative remedy available and arguably could have proceeded directly to court to seek a writ under the facts in this case. *See Lone Star Helicopters, Inc. v. State,* 1990 OK 111, 800 P.2d 235, 237. However, the establishment of the regional salary schedule would require the exercise of official judgment and discretion; therefore, Employees were not and are not entitled to a writ directing State to adopt a particular regional salary schedule. *Bd. of Com'rs of Carter Co. v. Dorough,* 1936 OK 454, 177 Okla. 346, 59 P.2d 273, 275. Because Employees were only entitled to a writ directing State to act and decide and the statute requiring that action and decision has now been repealed, Employees' request for a writ of mandamus is moot.

¶ 9 The statute regulated the manner in which Lake Patrol salaries were to be set. Nothing in the statute either explicitly or implicitly indicated the Legislature intended to create a private remedy for its violation. *Walker v. Chouteau Lime Co., Inc.,* 1993 OK

35, 849 P.2d 1085, 1086. The statute creates no contract right in a particular person for a particular amount of pay. Therefore Employees do not have a valid cause of action for monetary relief. State was entitled to judgment as a matter of law.

¶ 10 For the foregoing reasons, the order of the trial court granting summary judgment in favor of State is AFFIRMED.

¶ 11 GARRETT, J., and BUETTNER, P.J., concur.